IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CATHERINE D. RANDOLPH       *
    Petitioner,
  v.             *   CIVIL ACTION NO. JFM-12-1010

WARDEN            *
    Respondent.
               ***

MEMORANDUM

The above-captioned case, construed as a 28 U.S.C. § 2241 petition for writ of habeas corpus, was received for filing on April 2, 2012, from Catherine Randolph ("Randolph"), a patient at the Clifton T. Perkins State Hospital Center ("Perkins"). Randolph seeks release from confinement and claims that the state judiciary system is at fault for committing her—an innocent victim—to Perkins. For reasons to follow the petition shall be summarily dismissed.

The aforementioned allegations were previously raised, reviewed and ruled upon by the court. In *Randolph v. Clifton T. Perkins Hospital*, Civil Action No. JFM-09-951 (D. Md.) and *Randolph v. Clifton T. Perkins Hospital*, Civil Action No. JFM-11-688 (D. Md.), Randolph filed petitions for habeas corpus relief which challenged her criminal case process, competency hearings, and continued detention at Perkins. After full briefing, the court dismissed the petitions without prejudice. The following facts were established. On January 17, 2006, Randolph was charged in the Circuit Court for Baltimore City with armed robbery, robbery, kidnapping a minor, assault, theft, and handgun violations. On March 17, 2008, Judge Gale E. Rasin ordered a pre-trial competency evaluation. Randolph was admitted to Perkins for a competency evaluation on June 2, 2008. She refused, however, to respond to questions regarding her hospitalization or legal charges, instead claiming, as she does here, that she was falsely accused and did not commit any criminal acts. On July 24, 2008, the Perkins Clinical Director and Director of Pre-Trial Services wrote Judge Rasin that Randolph was incompetent to stand trial, a danger to herself and others due to a mental disorder,

and in need of continuing inpatient treatment.  On July 25, 2008, the Circuit Court for Baltimore City found Randolph incompetent to stand trial and dangerous because of her mental disorder.  She was committed to the Department of Health and Mental Hygiene ("DHMH").  On May 22, 2009, Perkins forwarded to the Circuit Court the semi-annual report required under Maryland Code Ann., Crim. Proc. § 3-108, which found Randolph incompetent to stand trial and a danger because of her mental disorder.  Six months later, Perkins issued another report with similar findings.

On July 28, 2009, the Circuit Court for Baltimore City held the annual hearing required by Md. Code Ann., Crim. Proc. § 3-106(C)(I)(i),  Randolph was again found incompetent to stand trial and committed to Perkins.  On December 18, 2009, and June 10, 2010, Perkins again submitted semi-annual reports finding Randolph incompetent to stand trial and dangerous due to mental disorder.  On July 28, 2010, the Circuit Court conducted a hearing and again found Randolph incompetent to stand trial.  She was again committed to the DHMH.  On December 7, 2010, Perkins forwarded its semi-annual report to the Circuit Court, once more finding Randolph incompetent to stand trial and a danger due to her mental disorder.  According to the state court docket, on July 28, 2011, Randolph received her annual hearing before Judge Raisin.[1]  Further, on March 7, 2012, Judge Raisin conducted another hearing which found that Randolph was no longer incompetent to stand trial.  The criminal case was reactivated and closed/dismissed that same date.

Maryland law authorizes the commitment of one who has been adjudicated incompetent to stand trial and a danger to oneself or others due to mental disorders.  Randolph meets this criteria and she has received the semi-annual review of DHMH personnel and annual review by the circuit court. While the Circuit Court's March 7, 2012 rulings to find Petitioner no longer incompetent and to close the case undoubtedly precipitated this filing, Randolph offers no justiciable reasons why the

---

[1] *See ttp://casesearch.courts.state.md.us/inquiry/inquiryDetail.*

court should take review over this habeas action. As previously noted by the court, Randolph must first exhaust each and every claim presented to the federal court by first pursuing remedies available in the state court. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U. S. 838, 845-47 (1999). It affords the state courts the first opportunity to review federal constitutional challenges and preserves their role in protecting federally guaranteed rights.

There is no record that Randolph has exhausted her state court remedies by judicially challenging the competency hearing findings or the failure to release her. Therefore, any "habeas" challenge to her continued detention is untimely.[2] A separate Order follows dismissing this case without prejudice.


Date:   April 9, 2012                             /s/
                                            J. Frederick Motz
                                            United States District Judge

---

[2]   Randolph claims that exhaustion of state court remedies is not required. This court disagrees.